Bissell, J.,
delivered the opinion of the court.
This appeal is totally without merit, and has all the earmarks of having been prosecuted solely for the purposes of delay. Under these circumstances, it will receive very scant attention, and we will only state so much as will be necessary to indicate our conclusion. The abstract contains nothing which enables the court to pass on any issue involved, or to determine the sufficiency or validity of any errors assigned, or which presents any question of law to which we need give the slightest consideration. If the parties desire to prosecute appeals in this court, and have them weighed and considered, they must prepare abstracts in accordance with the rules, and therein disclose matter on which they have a right to *262 predicate error and compel the court’s attention. This abstract contains nothing but the pleadings and the opinion of the court and a few scattered extracts from the testimony, consisting principally of questions which were objected to and ruled out, without a statement of the testimony on which the decision was rendered, or by which the complaint was supported or the action defended. This is enough to justify what has already been said and to account for the meager statement of the case.
This suit was begun in 1893, to recover the amount due for work and labor done and materials furnished by the appellees, who were subcontractors under the appellant, Grant, or did their work under a contract with him. The complaint sets up the substantial terms of the contract, the amount of work done, its value, with a statement of the amount paid, whereby the credits to which the contractor was entitled are disclosed. There are several other causes of action based on breaches of contract, and setting up the resulting damages. There is some discrepancy between the amount said to have been earned, the amount paid, and the ad damnum laid. This is of slight consequence, and, as it is for the benefit of the appellant, it gives him no cause to complain. There were various defenses interposed and counterclaims set up, which need not be stated. The case was tried to the court, who heard the testimonj', and found for the plaintiffs in a little upwards of $250. We would have been in no condition to dispose of most of the errors assigned, which are based on the insufficiency of the testimony to support the judgment, had it all been printed, for there is no exception to the judgment either in the bill or elsewhere in the record.
This statement practically disposes of the case. Those errors which are based on the rulings of the court in declining to permit questions to be put witnesses, cannot be made the basis of an assignment of error. The court may have erred in excluding those questions, or in refusing to permit them to be put, but of this we are unable to judge, because there is nothing in the abstract by which it is disclosed. The *263 error may have heen entirely harmless. Other questions may-have been put and answered which resulted in the introduction of the very testimony .sought to be presented by the questions ruled out. On the other hand, they may have become entirely irrelevant by the introduction of the testimony. We are not willing to concede that the questions were at all pi’oper. Most of them ought to have been excluded. They were not put in legal shape, nor as put did they call for testimony which ought to have been introduced. The only’- other suggestion made by counsel in their brief respects the sufficiency of the complaint as a statement of a cause of action. We do not agree with counsel in this particular. So far as we can discover the complaint does state a ease, and if the plaintiffs put in sufficient proof to support it, they were entitled to the judgment which they obtained.
Discovering no errors in the record, the judgment will be affirmed.

Affirmed.